UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA CONNOLE,<br>           *Plaintiff*,<br><br>      v.<br><br>MICHAEL J. ASTRUE, *Commissioner of the Social Security Administration*,<br>           *Defendant*. | No. 3:10-cv-01382 (JAM) |

**RULING ON CROSS MOTIONS TO REMAND AND AFFIRM DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

Plaintiff Lisa Connole claims she is disabled and cannot work as a result of numerous ailments, particularly severe lower back, coccyx and knee pain, as well as gastrointestinal problems. She has brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security, who denied plaintiff's claim for disability benefits. For the reasons that follow, I will deny plaintiff's motion to reverse or remand the decision of the Commissioner (Doc. #7), and grant defendant's motion to affirm the decision of the Commissioner (Doc. #10).

### BACKGROUND

The Court refers to the transcripts provided by the Commissioner, as well as the comprehensive factual background set forth in the 42-page recommended ruling of Magistrate Judge Martinez. Doc. #13. Plaintiff was born in Nebraska in 1963. Starting in 1997, she was employed as a computer technical support person until she claims she became disabled and lost her job in 2008.

In March of 2008, following more than a year of suffering from various ailments such as lower back pain, plaintiff fell. At this point, she alleges she became disabled and unable to

continue working as a result of, among other things, "chronic lumbar pain." Record at 119.

Plaintiff's benefits petition was initially denied in December 2008 and upon reconsideration in May 2009. After a hearing in March 2010, Administrative Law Judge (ALJ) James E. Thomas held that plaintiff was not disabled as defined by the Social Security Act and regulations. Plaintiff then filed this federal action, seeking review of the Commissioner's decision and asking that the Court reverse the Commissioner's decision and remand the case for rehearing. Doc. #7. The Commissioner has moved to affirm his final decision. Doc. #10.

The case was referred to Magistrate Judge Donna F. Martinez, who filed a ruling recommending denial of plaintiff's motion to reverse or remand the Commissioner's decision and granting of defendant's motion to affirm the decision of the Commissioner. Doc. #13. Plaintiff has filed an objection to the recommended ruling, contending that Judge Martinez erred in affirming the ALJ's ruling; plaintiff argues that the ALJ failed to make sufficiently specific findings, improperly weighed the opinions of plaintiff's treating physicians, improperly determined plaintiff's credibility, and improperly determined plaintiff's residual functional capacity. Doc. #14. Because I agree with Judge Martinez's conclusions in all respects, I will adopt her recommended ruling and affirm the Commissioner's decision.

## DISCUSSION

This Court "may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.,* 54 F. Supp. 3d 287, 291 (E.D.N.Y.2014). Except as to the portion of Judge Martinez' ruling that has been the subject of objection, I find no clear error here. But I must otherwise "review[ ] the parts of the report and

recommendation to which the party objected under a *de novo* standard of review." *Ibid.*; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court may "set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue,* 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (*per curiam*).

To qualify for disability insurance benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months," and "the impairment must be 'of such severity that [the claimant] is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Robinson v. Concentra Health Servs., Inc.,* 781 F.3d 42, 45 (2d Cir. 2015) (quoting 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A)). "[W]ork exists in the national economy when it exists in significant numbers either in the region where [a claimant] live[s] or in several other regions of the country" and "when there is a significant number of jobs (in one or more occupations) having requirements which [a claimant] [is] able to meet with [her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b); *see also Kennedy v. Astrue,* 343 F. App'x 719, 722 (2d Cir. 2009).

To evaluate a claimant's disability, and to determine whether he or she qualifies for benefits, the agency engages in the following five-step process:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed [in the so-called "Listings"] in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Cage v. Comm'r of Soc. Sec.,* 692 F.3d 118, 122–23 (2d Cir. 2012) (alteration in original) (citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(v). In applying this framework, if a claimant can be found disabled or not disabled at a particular step, a decision will be made without proceeding to the next step. *See* 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proving her case at steps one through four, while at step five, the burden shifts to the Commissioner to demonstrate that there is other work that the claimant can perform. *See McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

Here, the ALJ found at step one that plaintiff had not engaged in any substantial gainful activity since March 18, 2008. At step two, he found that plaintiff's degenerative disc disease, coccyx injury, residual effects from a left hand injury, gluteal cleft ulcerations and wounds, and obesity constituted severe impairments.

At step three, the ALJ declined to conclude that plaintiff was *per se* disabled, because plaintiff did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments found in 20 C.F.R., Part 404, Subpart P, Appendix I." Doc. #13 at 24. Proceeding to step four, the ALJ was required next to identify plaintiff's "residual functional capacity" (RFC) which is "the most the claimant can still do in a work setting despite the limitations imposed by [her] impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (*per curiam*). The ALJ found that plaintiff's RFC enabled her "to perform light work . . . except that she is able to lift 10 pounds frequently and 20 pounds occasionally; sit for 6 hours in an 8 hour workday; stand and/or walk for 3 hours in an 8 hour workday, with a stand/sit option," and that she was "limited to jobs involving simple routine, repetitive tasks with short-simple instruction and with an attention span to perform simple work tasks for 2 hour intervals." Record at 41.

In reaching this conclusion, the ALJ considered the plaintiff's allegations of disabling symptoms, but concluded that her self-reporting was not wholly credible. Further, he "afford[ed] little weight to the opinion of [plaintiff's] treating physicians, Dr. Darren Rosenberg and Dr. Tammy Harris, who concluded that [plaintiff's] pain was disabling to the extent that it would prevent her from working full time even in a sedentary position." Record at 44. He made this determination because, Dr. Rosenberg's report was based on plaintiff's self-reported limitations, and because the doctors' "opinions were inconsistent with their own findings and the overall medical evidence of record." Record at 44. Instead, the ALJ credited the evaluations of the state agency physicians, who did not personally examine plaintiff, but made their assessments on the basis of the record.

At step four, the ALJ also found that plaintiff could not perform her past relevant work. At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a))," such as an assembler, hand packer, or security guard. Record at 45.

Judge Martinez approved of the ALJ's resolution as to each of the five steps of the analysis. Plaintiff objects to Judge Martinez's upholding of the ALJ's determination on several grounds: that the ALJ failed to adequately cite to the record to allow the Court to assess whether his findings were supported by substantial evidence; that the ALJ did not properly weigh the opinions of plaintiff's treating physicians; that the ALJ improperly assessed plaintiff's credibility; and that the ALJ improperly determined plaintiff's RFC.

Plaintiff's first objection is that the ALJ did not adequately support his findings with citations to the record. Judge Martinez found the ALJ's conclusions sufficiently supported by the record, and I agree. Nothing requires the ALJ to cite to specific pages of the record in support of every one of his findings. *See, e.g., Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012) (noting that "[a]n ALJ does not have to state on the record every reason justifying a decision," that "an ALJ is not required to discuss every piece of evidence submitted," and that "[a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered").

Following a review of the record, it is clear that the ALJ's conclusions were derived from specific facts in the record, and the Court has no difficulty in determining which parts of the record the ALJ has relied on merely because the ALJ has cited to an exhibit as a whole rather than a specific page number. As just one example, it is clear that when the ALJ reasoned that "[r]egarding the gluteal wounds, it is noted that her treatment notes dated February 11, 2009

report some improvement and the wounds appear to be an intermittent problem," he is referring to page 237 of Exhibit 5F.

Citing the well-known *Chenery* principle—that a court may not affirm an agency decision on grounds that differ from the grounds relied upon by the agency—plaintiff faults Judge Martinez for "cit[ing] thirty-four specific pages of the medical records, not one of which was explicitly identified by the ALJ." Doc. #14-1 at 4 (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)). This argument is not persuasive, because the *Chenery* principle is not a rulebook for legal citation style. Although the *Chenery* principle generally bars a court from relying on substantive grounds that an agency itself did not consider, here it is clear that the ALJ considered the full range of medical records, and *Chenery* does not bar this Court from citing with more specificity the very same records relied upon by the ALJ. Indeed, the use of specific record citations is properly part of the Court's duty to determine and explain whether there was substantial evidence to support the ALJ's conclusions.

Plaintiff next objects to Judge Martinez's application of the treating physician rule. Judge Martinez approved the ALJ's choice to give diminished weight to the opinion of plaintiff's doctors, Dr. Darren Rosenberg and Dr. Tammy Harris, as to the severity of plaintiff's ailments and greater weight to the agency's reviewing physicians. The law is clear that the Commissioner must apply the "treating physician rule" when considering "the nature and severity of [a claimant's] impairment(s)," 20 C.F.R. § 404.1527(d)(2). "According to this rule, the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Burgess*, 537 F.3d at 128  (internal citations omitted). But "the opinion of the treating

physician is not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with . . . the opinions of other medical experts." *Ibid.* (omissions in original) (citation omitted).

Even if the treating physician's opinion is not worthy of controlling weight, the ALJ must consider the following factors to evaluate the weight to give the opinion. *See* 20 C.F.R. § 404.1527(c)(2). These include "the '[l]ength of the treatment relationship and the frequency of examination'; the '[n]ature and extent of the treatment relationship'; the 'relevant evidence . . . , particularly medical signs and laboratory findings,' supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess*, 537 F.3d at 129 (citations omitted); *see also* 20 C.F.R. § 404.1527(c). Ultimately, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.' . . . Failure to provide such 'good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.'" *Burgess*, 537 F.3d at 129–30 (internal quotation marks and citations omitted).

Judge Martinez correctly concluded that the "ALJ did not err in declining to accord controlling weight to the opinions of Drs. Harris and Rosenberg." Doc. #13 at 37. The ALJ gave the opinions of Drs. Harris and Rosenberg "little weight" for permissible reasons. First, the ALJ discounted Dr. Rosenberg's opinions because they were based on plaintiff's self-reporting. *See Baladi v. Barnhart*, 33 Fed. App'x 562, 564 (2d Cir. 2002) (treating physician's opinion not given controlling weight when based on "subjective complaints of pain and unremarkable objective tests"). Second, the ALJ found substantial evidence that conflicted with the treating physicians' opinions in the medical records and in the opinions of the state agency physicians. *See* Doc. #13 at 37; *Roma v. Astrue*, 468 Fed. App'x 16, 18-19 (2d Cir. 2012) (ALJ was not

required to defer to treating physician when opinion was inconsistent with other substantial evidence including state agency physician determinations). Accordingly, I agree with Judge Martinez and conclude that the ALJ made no reversible error in assessing—and discounting—the opinions of plaintiff's treating physicians.

Plaintiff further objects to Judge Martinez's recommended ruling on the grounds that she improperly upheld the ALJ's credibility assessment. The "ALJ's credibility determination is generally entitled to deference on appeal." *Selian*, 708 F.3d at 420. A plaintiff with a significant work record should generally be afforded "substantial credibility when claiming an inability to work because of a disability," *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983), but the ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence of record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (*per curiam*).

I agree with Judge Martinez that the "ALJ's evaluation of the plaintiff's credibility was properly based on inconsistencies between her subjective complaints and the substantial evidence in the record." Doc. #13 at 35. The ALJ relied on substantial evidence from the reports of plaintiff's doctors in deciding not to give full credibility to plaintiff's subjective description of her ailments, such as, for example, Dr. Karim Alavi's report that plaintiff's pain "appeared not to have been as bad as initially presented." Record at 44. Accordingly, the ALJ did not err in finding plaintiff only "partially credible." Record at 43.

Finally, plaintiff contends that the ALJ failed to make sufficiently detailed findings with regard to her RFC at step four. Plaintiff bears the burden of establishing her RFC. 20 C.F.R. § 404.1512(c). Here, plaintiff argues the ALJ erred by not including some of the limitations articulated by her treating physicians and not justifying those exclusions with substantial

evidence. "Step Four findings need only afford[ ] an adequate basis for meaningful judicial review, appl[y] the proper legal standards, and [be] supported by substantial evidence such that additional analysis would be unnecessary or superfluous[.]" *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (alterations in original). There is no requirement that the ALJ explicitly mention every one of the claimant's limitations. *See id.* (affirming ALJ's findings at step four that "did not explicitly include [the plaintiff's] non-exertional functional limitations"). Judge Martinez correctly concluded that the "ALJ did not err" in his determination at step four, and that substantial evidence supported his findings regarding plaintiff's RFC. Doc. #13 at 40.

In short, I conclude that Judge Martinez properly approved the ALJ's reasoning at every step of the disability determination. Accordingly, I will deny plaintiff's motion to reverse or remand the Commissioner and grant the Commissioner's motion to affirm.

## CONCLUSION

Plaintiff's motion to reverse or remand (Doc. #7) is DENIED. Defendant's motion for order to affirm the decision of the Commissioner (Doc. #10) is GRANTED.

The Clerk of Court shall close the case.

It is so ordered.

Dated at New Haven this 25th day of April 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge